KEELER'S EXECUTOR *vs.* KEELER and others.

1. Under a bequest as follows, to wit: "I give and bequeath to my son, D. K., and his heirs, the sum of $300, if he or they shall appear or claim the same within three years from the time of my decease," *held* that a demand by D. K., by his attorney duly authorized by a special power executed for that purpose, was sufficient to entitle him to the legacy; it was not necessary for him to appear in person.

2. Costs to be paid out of the residue, on settling the estate, if the executor hesitated to pay the legacy from honest doubts of his liability, or at the request of the residuary legatees.

*Mr. E. Merritt,* for executor.

*Mr. F. Voorhees,* for defendants.

THE CHANCELLOR.

This cause was submitted on brief. The bill was filed by the complainant, as executor, to settle the construction of a bequest in the will of his testator. The defendant, Daniel K. eeler, claimed a bequest of three hundred dollars; the other defendants, who are the legatees of the residue, dispute his right. The bequest in the will is, "I give and bequeath to my son, Daniel Keeler and his heirs, the sum of three hundred dollars, if he or they shall appear or claim the same within three years from the time of my decease."

The son, Daniel Keeler, within three years after the testator's death, by his attorney duly authorized by a special

---

* Decree affirmed, 4 *C. E. Gr.* 471.

power executed for that purpose after the testator's death, demanded this legacy of Daniel Larue, since deceased, who was a co-executor of the will, and who promised to pay it. He did not appear in person before either executor. The question submitted is, does this bequest require that he should have appeared in person?

I think it does not. The will does not require it, but only that he should appear. The courts cannot add words that are omitted by the testator, unless the object in view implies them, and they are necessary to the construction. In this case, nothing requires such appearance before the executors. The usual and accepted meaning of the word does not require it. If any one whose residence had been unknown, or who had not been heard of for several years, should come to light by returning to the country, or letting his residence be known, this would be a clear compliance with the condition to appear in the usual acceptation of the word.

Daniel Keeler is entitled to the legacy. This is not strictly a bill of interpleader, and if it were, it is not a case in which the costs should come out of the fund or the legacy in question. If the complainant hesitated to pay the legacy from honest doubts of his liability, or did so at the request of the residuary legatees, the costs will be allowed in settling the estate, out of the residue.